IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARREN L. REAGAN,<br>    ID #37109-177,<br>        Plaintiff,<br><br>v.<br><br>FRED BROWN, *et al.*<br>        Defendants. | §<br>§<br>§<br>§   Civil Action No. 3:18-CV-877-G-BH<br>§<br>§<br>§<br>§   Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's federal law claims should be dismissed as frivolous and for failure to state a claim, any claims asserted on behalf of other parties should be dismissed without prejudice, and the Court should decline to exercise supplemental jurisdiction over his state law claims.

**I. BACKGROUND**

On April 10, 2018, Darren L. Reagan (Plaintiff) filed this *pro se* action against eleven current or former officials of the East Gate Baptist Church (Church) and a board member of the Church's non-profit organization, Community Outreach Connections, Inc. (Charity). (*See* doc. 3.) Plaintiff asserts that he is the charter founding member of the Church, the eldest son of "the late Rev. Dr. Homer D. Reagan, Founding Pastor & his wife Mrs. Ola J. Reagan, Co-Founder & former First Lady, East Gate Bapt. Church," and the legal representative of his father's estate (Estate). (*Id.* at 25.)[2] He alleges that the defendants conspired together and breached their official duties and loyalties owed to the Church, its members, the Charity, the Estate, and his mother because they (1) failed to comply with federal tax law and state law by denying "numerous repeated and ongoing

---

[1] By *Special Order No. 3-251*, this *pro se* case was automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page.

requests for public inspection of certain annual returns [and] reports" from "Church members, members of the public, and other interested parties;" (2) violated the Racketeer Influenced and Corrupt Organizations (RICO) Act by conspiring and engaging in activities that are indictable under title 18 of the United States Codes; (3) authorized and allowed the misappropriation and misuse of charitable contributions, donations, and funds of the Church and Charity; (4) authorized the "creation and operation of a hostile work environment" to force his mother to "resign or be terminated from her longstanding position as minister of music and director of christian education;" (5) "caused substantial and irreparable financial harm, injuries and damages to" the Church, Charity, and Estate; (6) refused "numerous repeated requests from the plaintiff" and others "to retain a reputable, experienced, certified public accounting firm . . . to conduct an independent audit of the Church['s] historical financial records and the current financial condition of the Church;" and (7) engaged in "theft of church/charitable contributions/gifts and government funds, self dealing, embezzlement, fraud, misappropriation and misuse of church and government funds, mail and wire fraud, [and] numerous known, actual conflicts of interests related to church officers and employees . . . in violation of the Church Constitution and Bylaws, as well as state and federal laws." (*Id.* at 10-11.) He seeks injunctive and declaratory relief. (*Id.* at 12.) No process has been issued.

## II.  PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law

when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. *PRO SE* REPRESENTATION

Plaintiff appears to sue the defendants on behalf of the Church, its members, the Charity, the Estate, and his mother, but he is not a licensed attorney. (*See* doc. 3 at 10-11.)

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Individuals who are not "licensed to practice law may not represent the legal interests of others" in federal court, however. *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 304 (2016) (citing *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)); *see also Guajardo v. Luna*, 432 F.2d 1324 (5th Cir. 1970) (holding that only licensed lawyers may represent others in federal court). It is well-established that corporations are fictional legal persons who can only be represented by licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (per curiam). The rationale for this long-standing rule applies equally to "all artificial entities," such as partnerships and associations. *Rowland*, 506 U.S. at 202. Even if the person seeking to represent the artificial entity is its president

and major stockholder or has some other close association with it, the only proper representative is a licensed attorney. *See Southwest Exp. Co., Inc. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55-56 (5th Cir. 1982); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). When this type of party declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *See Memon*, 385 F.3d at 873. With regard to an estate, "[a] person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors." *Rodgers*, 819 F.3d at 211.

Plaintiff may not prosecute this action *pro se* on behalf of the Church, its members, the Charity, the Estate, or his mother. Although he alleges that he is the legal representative of the Estate, he does not allege that he is the Estate's sole beneficiary and that it has no creditors. *See Rodgers*, 819 F.3d at 211. To the extent that Plaintiff seeks to pursue claims on behalf of the Church, its members, the Charity, the Estate, or his mother *pro se*, those claims should be dismissed without prejudice.

## IV. PLAINTIFF'S PERSONAL CLAIMS

Liberally construed, Plaintiff also asserts his own claims against the defendants, alleging that he is a member of the Church, and that the defendants conspired together and breached their official duties and loyalties owed to the Church and its members. (*See* doc. 3 at 5-8, 10-11, 25.)

### A. <u>Federal Law Claims</u>

Plaintiff generally alleges that the defendants "deliberately, knowingly, intentionally and willfully" violated federal tax law, including 26 U.S.C. §§ 501(c)(3), 527(J), 6011, and 6033, and that they had violated the RICO Act, 18 U.S.C. § 1961 *et seq.*, by conspiring and engaging in RICO activities indictable under title 18 of the United States Code, including § 664 (relating to

4

embezzlement from pension and welfare funds), § 1341 (relating to mail fraud), § 1343 (relating to wire fraud), § 1952 (relating to racketeering), § 1956 (relating to laundry of monetary instruments), and § 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity). (doc. 3 at 10-11.)

26 U.S.C. §§ 527(J), 6011, and 6033 generally concern the disclosures, filings, and other information that must be provided *to the Internal Revenue Service. See* 26 U.S.C. § 527(J) (concerning requisite expenditure and contribution disclosures of tax-exempt political organizations); § 6011 (concerning general requirements for a return, statement, or list); and § 6033 (concerning returns of tax-exempt organizations). Section 501(c)(3) concerns the tax exemption status of certain non-profit organizations; it "does not explicitly grant the general public a private cause of action, nor does it contain any language which implies a private cause of action." *See McCoy v. E. Texas Med. Ctr. Reg'l Healthcare Sys.*, 388 F. Supp. 2d 760, 767 (E.D. Tex. 2005) (collecting cases); *Valencia v. Mississippi Baptist Med. Ctr., Inc.*, 363 F. Supp. 2d 867, 876 (S.D. Miss. 2005) ("There is nothing on which this Court could base a finding that a private right of action can be properly implied under § 501(c)(3)."). Plaintiff has therefore alleged no facts to support a plausible claim implicating these statutes.

With regard to the RICO Act, 18 U.S.C. § 1964(c) creates a civil cause of action for a "person injured in his business or property by reason of a violation of section 1962." *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003). In their simplest terms, the four subsections of 18 U.S.C. § 1962 provide that:

> (a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise;
>
> (b) a person cannot acquire or maintain an interest in an enterprise through a pattern

>   of racketeering;
>
>   (c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and
>
>   (d) a person cannot conspire to violate subsections (a), (b), or (c).

*See Abraham v. Singh*, 480 F.3d 351, 354–55 (5th Cir. 2007); *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). All four subsections have three common elements: "1) a *person* who engages in 2) a *pattern of racketeering activity*, 3) connected to the acquisition, establishment, conduct, or control of an *enterprise*." *Crowe*, 43 F.3d at 204 (alteration in original). A RICO "person" may be "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3); *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000).

To state a claim under any subsection, "a plaintiff must plead specific facts . . . which establish the existence of an enterprise." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989); *accord State Farm Mut. Auto. Ins. Co. v. Giventer*, 212 F. Supp.2d 639, 649-50 (N.D. Tex. 2002). An enterprise is defined as "any individual partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). To establish an association-in-fact, a plaintiff must demonstrate "evidence of an ongoing organization, formal or informal, and . . . evidence that various associates function as a continuing unit." *Crowe*, 43 F.3d at 205 (citation and quotation omitted). Continuity is a necessary attribute of an association-in-fact enterprise. *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 243 (5th Cir. 1988), *cert. denied*, 489 U.S. 1079 (1989). An association-in-fact enterprise "(i) must have an existence separate and apart from the pattern of racketeering, (ii) must be an ongoing organization[,] and (iii) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure." *Crowe*, 43 F.3d at 205; *Delta Truck*, 855 F.2d at 243. A

6

plaintiff must plead specific facts that establish that the association exists for purposes other than to simply commit the predicate acts. *Elliot*, 867 F.2d at 881.

Here, Plaintiff's bare allegations that the defendants had engaged in RICO activities are insufficient to state a plausible claim under the RICO Act. He also pleads no facts that suggest, let alone establish, the existence of an enterprise. Even assuming that he intends to bring his claim against the defendants as an association-in-fact enterprise, he has failed to allege any facts to support a reasonable inference that the defendants are part of an ongoing organization with a hierarchical or consensual decision-making structure that has an existence separate from the pattern of racketeering. *See Crowe*, 43 F.3d at 205. Plaintiff's RICO claim should therefore be dismissed for failure to state a claim.

**B.     State Law Claims**

Plaintiff sues the defendants, alleging official misconduct, willful negligence, breach of fiduciary duty, conspiracy, and violations of the Texas Non-Profit Corporation Act, Tex. Bus. Orgs. Code Ann. § 22.351 (formerly Tex. Rev. Civ. Stat. Ann. art. 1396-2.23). (doc. 3 at 10-11.) To the extent he is asserting personal claims, these claims arise solely under state law.

Under 28 U.S.C. § 1367, federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In essence, § 1367(a) grants courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. CIV.A.3:06-CV-879BH, 2007 WL

2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When the Court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims.[3] *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). Because Plaintiff's federal claims are subject to dismissal as frivolous, his state law claims should be dismissed without prejudice to him pursuing them in state court. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## V. RECOMMENDATION

Plaintiff's federal law claims against the defendants should be dismissed as frivolous and for failing to state a claim under 28 U.S.C. § 1915(e)(2)(b), and the Court should decline to exercise supplemental jurisdiction over any state law claim. Any claims he seeks to assert on behalf of the Church, its members, the Charity, the Estate, or his mother should be dismissed without prejudice.

---

[3] Under § 1367(c), a court may decline to exercise supplemental jurisdiction over a state claim if:

(1) the claim raises a novel or complex issue of state law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

**SO RECOMMENDED** on this 23rd day of April, 2020.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE